OPINION of the Court, by
Judge Bibb.
— Michael Kruson exhibited his bill in chancery, praying relief against a judgment at law on a bond executed to his uncle, Richard Kruson. Upon final hearing, the circuit court of Mason dissolved the injunction and dismissed the bill, which decree is the subject of examination in this COUrt.
The bill states that the complainant’s father sent him to the state of Maryland to receive a balance due to him (the father) for a tract of land sold ; that the defendant represented to the complainant, that the grandfather, Nicholas Kruson, had designed an equal division of a certain tract of land, in Maryland, between his two sons, Richard, the defendant, and John, the father of the complainant; that the part sold by John was more than the moiety; that the defendant, on that account, forbid the purchaser from paying the money ; that the purchaser refused to pay the money without the consent of the defendant; that, relying on the assurances of the defendant, and being compelled by the want of the money for his father, he was induced to execute the bond complained of; that at the time he was ignorant of the circumstances, but has since discovered that his grandfather *184 had put the defendant into possession of the land he in«> tended for him 5 had established a line of division, made him a deed, and had, by last tvill and testament, devised the balance of the tract to the complainant’s father j that the equal division, spoken of by the defendant, was a misrepresentation, and the bond entirely without consideration.
The answer admits that the bond was obtained upon the representations as stated ; that bte had; forewarned the purchaser from paying over the balance, who had told him he would not do it unless the respondent would relinquish his claim ; but, as the father of the complainant had given him no orders to pay the amount claimed, the bond of the complainant was taken for the amount. The respondent insists that the division line run by the grandfather was not esteemed the- joint boundary between the defendant and his brother John ; on the contrary, that “ he claimed, under the will of his father, thirty-one acres more, which claim his brother John admitted, and repeatedly promised to make compensation for” out of the sale to Beall. He admits that he had received a deed from his father for one tract of 140 acres, and for 29 acres, making in the whole but 169 acres ; that when it was ascertained that the tract aforesaid contained but 140 acres, and in the whole but 169, the said Nicholas Kruson, as the “respondent believes, with a view to assure to him a title to two hundred acres of land, by his last will and testament,-— bearing date the 7th day of May, 1785, devised to his son,” the respondent, “two hundred acres of land, being part of that tract of land purchased of Richard Keen,” and all the residue of that tract to the father of the complainant.
Thus stands the case upon the bill and answer. The answer, instead of receiving support from the testament alluded to, is contradicted by it. The devise to the defendant has, in addition to those quoted in the answer as before recited, these words : “ — —as already laid off to him, at the north end of said land, adjoining Samuel Wilson’s plantation, on the south side of Deer creek.” When he makes the devise to his son John, father of the complainant, it is of all the residue of the tract on which the testator lived, and on which said John, his son, lived, “ being, by estimation, two hundred and'forty-one acres of land, more or less.” It farther appears *185 in evidence, that this division, alluded toby the testator, had been made at first by a fence from the most east-wardly to the most westwardly part of the tract, and had been considered the dividing line between the two sons for twenty years or upwards before the death of the testator. The testament was admitted to record on the 12th December, 1786 ; the bond was obtained from the son near twelve years after the death of the grandfather, and the father deposes that he lived by the defendant at least four years, after the death of the testator, before he removed to this state, and never heard of the claim upon him (now by the defendant’s answer set up) until after the giving of the bond in question ; and that his brother Richard had never discovered to him any dissatisfaction with the division made by their father.
On the whole, it appears that the claim of the defendant to the 31 acres of land, in his answer mentioned, was unfounded ; and that he obtained the bond from the complainant, suppressions veri et suggestionsJalsi.
Decree reversed; and the cause remanded to the circuit court, with directions to decree a perpetual injunction against the judgment at law, according to the prayer of the bill.